IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

PAMELA UPSHUR,

    Plaintiff,

V.

CAROLYN W. COLVIN,
COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

) No. 14-877

# OPINION AND ORDER

## SYNOPSIS

Plaintiff filed a pro se application for disability insurance benefits pursuant to Title XVI of the Social Security Act, alleging disability as of January 1, 2011. Her claim rested, initially, on physical impairments, including problems with her right wrist. The claim was denied initially, and, after Plaintiff obtained counsel, upon hearing before an administrative law judge ("ALJ"). After she obtained counsel, Plaintiff also alleged mental impairments, including depression. Plaintiff now appeals the Commissioner's decision. Before the Court are the parties' cross-motions for summary judgment. For the following reason, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings.

## OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

1

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

### A. Mental Impairments

First, Plaintiff contends that the ALJ failed to address all of Plaintiff's impairments. In particular, Plaintiff asserts that the ALJ improperly focused on her physical impairments, rather than her mental impairments.

The ALJ thoroughly considered Plaintiff's mental impairments in reaching his decision. He considered the records from Mercy Behavioral Health, and in fact determined that Plaintiff had severe impairments of depressive disorder and bereavement. Despite Plaintiff's initial failure to claim mental impairments, the ALJ accepted and considered all pertinent records submitted after the hearing, and elicited testimony regarding Plaintiff's mental impairments. There is no indication that the ALJ purposefully or improperly attempted to focus on Plaintiff's physical ailments; to the contrary, the ALJ acknowledged an evidentiary difficulty posed by Plaintiff's alleged date of onset, but permitted Plaintiff to pursue her arguments. I find no error in that regard.

**B. Consultative Exam**

Next, Plaintiff contends that the ALJ should, as requested, have ordered a consultative exam regarding her mental impairments.

An "ALJs duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability determination." Thompson v. Halter, 45 F.App'x 146, 149 (3d Cir. 2002). The decision to order such an examination is within the sound discretion of the ALJ. Mruk v. Colvin, 2014 U.S. Dist. LEXIS 108527, **18-19 (M.D. Pa. Aug. 7, 2014). Here, the record was sufficient, and does not establish that a consultative psychiatric exam was necessary. Plaintiff submitted records from Mercy Behavioral Health, none of which contained ambiguities requiring resolution, and both the ALJ and Plaintiff's counsel elicited testimony regarding Plaintiff's mental condition. The ALJ did not err in this regard.

### C. Listings

Next, Plaintiff claims that the ALJ improperly failed to consider Listings 1.02, 1.07, and 13.23, relating to physical conditions.

An ALJ is not required to consider every Listing or to consider Listings that the claimant "clearly does not meet." Sheeks v. Comm'r of Soc. Sec., 544 F. App'x 639, 641 (6th Cir. 2013). Moreover, an ALJ is not required to specifically mention a particular Listing in his decision, in order to satisfy the step three analysis. Mann v. Astrue, 2014 U.S. Dist. LEXIS 90037, at *24 (D. Del. July 2, 2014).

> In general, if there is a "substantial question as to whether [the claimant] could qualify as disabled," that listing should be addressed. However, "the ALJ need not discuss listings that the applicant clearly does not meet, especially when the claimant does not raise the listing before the ALJ."

Cassity v. Colvin, 2015 U.S. Dist. LEXIS 24311, at *10 (E.D. Ky. Feb. 26, 2015).

I agree with Defendant that the ALJ did not deal improperly with Listings 1.02 and 13.23, which deal with joint dysfunction and genital tract cancers, respectively. Plaintiff was not diagnosed with any cancer, and there is absolutely no evidence of record regarding problems with Plaintiff's left upper extremity. Thus, she clearly could not meet Listing 1.02 and 13.23, which require involvement of both upper extremities and cancer, respectively. Listing 1.07 deals with the fracture of an upper extremity, with, inter alia, "nonunion of a fracture of the shaft of the humerus, radius, or ulna." The medical records clearly indicate that Plaintiff suffered chronic nonunion of the scaphoid bone, for which she obtained surgery. There is no evidence of any fracture of the humerus, radius, or ulna; thus, Listing 1.07 does not apply. Under these circumstances, the ALJ committed no error in his treatment of the Listings.

### D. Hypothetical Question to Vocational Expert

Finally, Plaintiff challenges the ALJ's hypothetical to the vocational expert ("VE"). The ALJ's residual functional capacity ("RFC") finding limited Plaintiff to "tasks of a simple and routine" nature. The question posed to the VE, however, included the phrase "jobs of a simple and unskilled nature," and omitted the word "routine."

At step five of the sequential analysis, the burden shifts to the Commissioner, to demonstrate that the claimant is capable of performing other jobs existing in significant numbers, given the claimant's age, education, work experience, and residual functional capacity. Ambrose v. Colvin, 2015 U.S. Dist. LEXIS 24647 (M.D. Pa. Feb. 27, 2015). "[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner]'s decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991).

It is true that several courts have noted that "[u]nskilled work is consistent with simple, routine tasks." Douglas v. Astrue, 2011 U.S. Dist. LEXIS 11067, at *12 (E.D. Pa. Feb. 3, 2011); Scott v. Colvin, 2013 U.S. Dist. LEXIS 105765, at *16 (W.D.N.C. July 29, 2013) (citing cases). Others, however, have found that "routine" and "simple" work is not necessarily the same as "unskilled" work. Barnes v. Colvin, 2015 U.S. Dist. LEXIS 21049, at **28-29 (N.D. Ill. Feb. 23, 2015). Those courts who have declined to equate the phrases have found that routine, repetitive work is a narrower category than unskilled work. McClendon v. Astrue, 2012 U.S. Dist. LEXIS 958, at **18-19 (M.D.N.C. Jan. 4, 2012). I further note that the definition of "unskilled work" incorporates the level of judgment needed to do "simple duties," but does not address the routine or repetitive nature of the work. Vuxta v. Comm. of Soc. Sec., 194 Fed. Appx. 874, 878 (11th Cir. 2006).

While this may appear semantic, the fact remains that "routine" and "simple" are different concepts – the former suggests repetition and lack of sequential variety, while the latter suggests straightforwardness and lack of complexity. In this particular case, I do not have the vocational expertise to resolve whether this distinction would impact the VE testimony, and thus whether the VE's hearing testimony constitutes substantial evidence. Instead, resolution of this issue requires remand.[1]

## CONCLUSION

In conclusion, this matter shall be remanded in order to resolve the inconsistency between the RFC and the hypothetical to the VE. The ALJ may conduct any proceedings necessary to do so. An appropriate Order follows.

## ORDER

AND NOW, this 26th day of March, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

[1] Because I remand on this basis, and the VE's testimony might change, I need not consider Plaintiff's argument that the VE testimony conflicted with the DOT.